IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARQUIS ACQUISITION, INC.,          §
                                    §
                                    §
                    Plaintiff,      §
                                    §  Civil Action No. 3:10-CV-0192-D
VS.                                 §
                                    §
STEADFAST INSURANCE COMPANY,        §
et al.,                             §
                                    §
                    Defendants.     §

MEMORANDUM OPINION
AND ORDER

    Plaintiff's motion to remand presents the dispositive question
whether this case was timely removed.  Concluding that it was not,
the court grants the motion and remands the case to county court.

I

    Plaintiff Marquis Acquisition, Inc. ("Marquis") filed suit in
county court seeking damages from defendants Steadfast Insurance
Company ("Steadfast") and Julie Fry ("Fry") based on Steadfast's
failure to retain separate counsel to represent Marquis during a
wrongful death suit.  Marquis filed the instant case in June 2009.
After Marquis' President, Doug Hickok ("Hickok"), was deposed in
January 2010, defendants removed the case to this court based on
diversity jurisdiction.  Marquis initially moved to remand based on
alleged procedural deficiencies in the removal.  It later filed a
first supplement to the motion, raising the additional argument
that the parties are not diverse.

II

Because defendants removed the case, they must overcome an initial presumption against subject matter jurisdiction and establish that removal is proper. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)).[1] "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971). Therefore, the removal statute is to be strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). And "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

The district courts "shall have original jurisdiction of all

---

[1]28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"   28 U.S.C. § 1332(a)(1). For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'"   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).   This means that no plaintiff can be a citizen of the same state as even one defendant.   Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

The time limits for filing a notice of removal are controlled by 28 U.S.C. § 1446(b).   The first paragraph of § 1446(b) establishes that the notice must be filed within 30 days of the defendant's receipt of the initial pleading if the case is removable, that is, if the case could have been filed originally in federal court.   Where the initial pleading does not present a removable case, the second paragraph of § 1446(b) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

removable." 28 U.S.C. § 1446(b); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Whether initially removable or removable based on a later filing, no case may be removed more than one year after it was commenced. *See* 28 U.S.C. § 1446(b).

III

Marquis maintains that defendants' notice of removal did not comply with the procedural requirements of § 1446(b). Defendants filed the notice of removal on February 1, 2010 (more than 30 days after their receipt of Marquis' pleading in June 2009) and amended the filing on February 24, 2010. Defendants posit that Hickok's deposition, which occurred in January 2010, established that the amount in controversy requirement was satisfied and made the case removable. When asked in his deposition whether Marquis' earlier settlement demand was for an amount in excess of $75,000, Hickok responded: "I believe it was." Not. Removal 4. Defendants argue that the deposition is a "paper from which it may first be ascertained that the case is one which is or has become removable," and therefore they had 30 days after the deposition to remove the case under the second paragraph of § 1446(b).

Marquis maintains in its motion to remand that Hickok's testimony is insufficient to give rise to a right of removal. It contends that the statement, "I believe it was," does not establish that the amount in controversy exceeds $75,000, exclusive of

- 4 -

interest and costs. Moreover, Marquis argues that, after defendants filed their notice of removal, Hickok edited his deposition testimony (as permitted under Texas law) to change his response from "I believe it was" to "I don't know." Marquis posits that this change was made for "accuracy reasons." It asserts that the deposition testimony was insufficient to establish the amount in controversy and to open a 30-day window for removal, and that the notice of removal is therefore untimely.

Defendants respond that the deposition testimony created a 30-day removal window under the second paragraph of § 1446(b). They point to Marquis' original state court petition to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. Marquis' prayer for relief included actual damages "not to exceed Seventy-Five Thousand Dollars" plus "[r]easonable and necessary attorney's fees." Ds. Br. 8. Defendants contend that attorney's fees and damages can be added together to meet the amount-in-controversy requirement, and thus the requested relief exceeds $75,000, exclusive of interest and costs. They assert that Hickok's deposition confirmed that Marquis was seeking an amount that met the jurisdictional threshold. Defendants argue that, because the notice of removal was filed within 30 days of the deposition, it is timely.

Finally, in addition to moving to remand based on alleged procedural errors, Marquis argues in a supplement to its motion to

remand that, under 28 U.S.C. § 1332(c)(1), the parties are not diverse citizens.  Section 1332(c)(1) provides, *inter alia*, "that in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen[.]"  Marquis maintains that, because the insured (Marquis) is not joined as a party-defendant, Steadfast is deemed to have the same citizenship as Marquis (i.e., Texas).  Thus, according to Marquis, both Marquis and Steadfast are considered Texas citizens, and the court lacks diversity jurisdiction.  There is apparently no dispute that, but for the alleged operation of § 1332(c)(1), Steadfast and Fry are both citizens of Illinois.  Steadfast responds that § 1332(c)(1) is inapplicable because the insured is suing its own insurer.[2]

IV

The dispositive question is not, as the parties apparently believe, whether Hickok's deposition testimony was sufficient to

_____

[2]Because defendants' notice of removal is untimely, the court need not address this argument.  But Marquis' position is clearly misplaced.  Section 1332(c)(1) applies, for example, where state law permits a party to bring a "direct action" against the tortfeasor's liability insurance company without naming the tortfeasor as a defendant.  In such a case, the insurer is deemed to have the same citizenship as the insured.  *See, e.g., Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir. 1985).  The statute does not apply, as here, where an insured is suing its own insurance company over coverage.  Such an application would be contrary to the purpose of the statute and would result in no federal court's having diversity jurisdiction in a suit between an insured and its diverse-citizen insurer.

- 6 -

make the case removable (i.e., whether his testimony triggered a new 30-day removal window). Rather, the critical inquiry is whether this lawsuit, as pleaded in Marquis' original petition, was removable from its inception.

It is well settled that, for a defendant to take advantage of the 30-day removal window found in the second paragraph of § 1446(b), the case must *not* have been removable originally. "The second paragraph of § 1446(b) applies by its terms only 'if the case stated by the initial pleading is not removable[.]'" *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (quoting 28 U.S.C. § 1446(b)); *see also N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998); *Borquez v. Brink's Inc.*, 2010 WL 931882, at *3 (N.D. Tex. Mar. 12, 2010) (O'Connor, J.). The second paragraph of § 1446(b) makes clear that, for a subsequent 30-day window to apply, defendants must identify some filing "from which it may *first be ascertained* that the case is one which is or has become removable." (emphasis added). If the original pleading stated a case that was removable, the first paragraph of § 1446(b) applies, and defendants had 30 days from the date they received the petition to remove the case.

Defendants maintain that Hickok's deposition triggered a 30-day removal period under the second paragraph of § 1446(b). But this argument is misplaced because the case was removable originally. Defendants rely on Marquis' state court original

- 7 -

petition as evidence that the amount in controversy is satisfied, thereby undercutting their basic argument in opposition to Marquis' remand motion.   They contend that "it is facially apparent that the claims asserted by Plaintiff are likely above the $75,000 threshold requirement for diversity purposes.   As stated above, *in its Original Petition*, Plaintiff seeks $75,000 in damages, and also Plaintiff seeks the recovery of its attorney's fees pursuant to its breach of contract claim."   Ds. Br. 11 (emphasis added).   The record confirms that Marquis in its original petition sought relief that exceeded the jurisdictional threshold,[3] meaning that the case was removable initially, before Hickok was ever deposed.   Because the case was removable initially, the second paragraph of § 1446(b) is inapplicable; defendants were required to remove the case within 30 days of their receipt of the original petition in June 2009. Because the notice of removal was not filed until February 1, 2010,

---

[3]In its original petition, Marquis sought damages of up to $75,000 as well as statutory attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008).   Section 38.001 provides for fees to be awarded, *inter alia*, on any successful claim based on a "written contract," which would apply to Marquis' claims based on the insurance contract.   As defendants note, the amount in controversy requirement for diversity jurisdiction can include amounts sought for attorney's fees under a state statute.   *See H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) ("When a statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees."); *Choate v. St. Farm Mut. Auto. Ins. Co.*, 62 F.3d 395, at *2 (5th Cir. 1995) (unpublished opinion) (including fees sought under § 38.001 when calculating amount in controversy while noting "[i]t is well established that attorneys' fees may be included in determining the amount in controversy for diversity jurisdiction").

it is untimely, and Marquis' motion to remand must be granted.[4]

\* \* \*

Marquis' March 3, 2010 motion to remand is granted because defendants failed to remove the case within 30 days of their receipt of Marquis' original petition in June 2009. Accordingly, this case is remanded to County Court at Law No. 2 of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.[5]

**SO ORDERED.**

July 20, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[4]The court recognizes that, although Marquis moved to remand based on alleged procedural errors in removal, it did not raise the specific ground on which the court now relies. The court is precluded from remanding _sua sponte_ based on a purely procedural defect, such as an untimely notice of removal. _See, e.g., In re Allstate Ins. Co._, 8 F.3d 219, 223 (5th Cir. 1993). "However, a district court may 'remand a case for reasons that are not listed in the motion for remand so long as a procedurally-based motion for remand is timely filed.'" _Thompson v. SMG, Inc._, 2007 WL 3256588, at *3 n.2 (S.D. Tex. Nov. 5, 2007) (alteration omitted) (quoting _Schexnayder v. Entergy La., Inc._, 394 F.3d 280, 283, 285 (5th Cir. 2004); _see also City of San Antonio, Tex. v. NRG Energy, Inc._, 2010 WL 324542, at *2 (W.D. Tex. Jan. 21, 2010); _Pacheco v. Am. Smelting & Ref. Co._, 2005 WL 1404152, *3 (W.D. Tex. June 1, 2005). Because Marquis timely moved to remand based on procedural errors, the court can remand based on a procedural deficiency that Marquis did not specifically raise.

[5]Because the court is granting Marquis' motion to remand, it will not reach the other pending motions.